### *In re* HULSE'S ESTATE.

*(Surrogate's Court, Orange County. December 20, 1890.)*

LEGACY TAX—BEQUEST IN PAYMENT OF CLAIM.

> Testatrix bequeathed all her property to one H., "in consideration of a home for me at his house during my life." The will was executed pursuant to an agreement that it should be so done, and that H. should provide for her during her life. H. furnished testatrix with a home as agreed. *Held*, that the legacy was not a gift, but the payment of a valid claim, and was therefore not subject to the legacy tax.

Proceedings to subject the estate of Sarah M. Hulse, deceased, to the payment of the legacy tax.

*F. H. Cassidy*, for the executor.

COLEMAN, S. The testatrix, by her will, gives all her property to her nephew, Jesse Hulse, "in consideration of a home for me at his house during my life." At the time of the execution of the will it was agreed between them that the aunt should so make her will, and that the nephew should provide for her during her life. Both have done as they agreed, and the question now arises whether the fund, about $1,400, which he is to receive, is subject to the collateral inheritance tax. Although the property is given to him as a legacy, he is really to receive it in satisfaction of a claim which he might enforce as a creditor against the estate of the deceased. There was evidently no purpose by the parties to avoid the operation of this act, and there is no question but what the property which was to be given the nephew as a consideration for the obligation assumed by him was not more, under the circumstances, than a reasonable compensation. I therefore conclude that the property to be received by Jesse Hulse, is a payment, and not a gift, (*In re Roger's Estate,* 10 N. Y. Supp. 22,) and is not subject to this tax.